# United States Bankruptcy Court
## Northern District of Georgia

In re  **Harry James Freese**

Debtor(s)

Case No. **17-56755**

Chapter **13**

### CHAPTER 13 PLAN-AMENDED

Extension ☑

Composition ☐

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$3,500.00 Monthly** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the applicable commitment period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☐ IF CHECKED, Plan payments will increase by $__ in month __ upon completion or termination of __.

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees.** The Trustee shall receive a statutory fee in the amount established by the Attorney General and the United States Trustee.

(B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $ **4,250.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of $ **0.00** was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $ **4250.00**, as allowed under General Order 18-2015, as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $ **4250.00** after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $ **501.00** per month until the fees are paid in full; (2) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $ **2000.00** (amount not to exceed $2,000); (3) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $ **2000.00** as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal; (4) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and (5) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid.

Debtor and Debtor (s) attorney have further agreed that Debtor(s) attorney may be paid for "non base services" as they are performed on an as needed basis. These "non base services", and the agreed fee for each, are identified in Paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a non base service, Debtor's attorney may file an application with the court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the non base fee is approved by the court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance

1

with this paragraph. If the base fee has been paid in full, then the fee shall be paid up to $501.00 per month, and the distribution to creditors shall be reduced, pro rata, by the amount until the additional fee is pain is full.

**5. Priority Claims.**

    (A). **Domestic Support Obligations.**

☑ None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

      (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

| -NONE- |
|---|

    (iii). Anticipated Domestic Support Obligation Arrearage Claims

      (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

      ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage<br>claim | (c)<br>Projected monthly arrearage<br>payment |
|---|---|---|
| -NONE- | | |

      (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

      ☑ None; or
      Claimant and proposed treatment:    **-NONE-**

    (B). **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| Georgia Department of Revenue | 0.00 |
| Internal Revenue Service | 0.00 |

**6. Secured Claims.**

    (A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

      (i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

2

Debtor shall make the following adequate protection payments:

☐ directly to the creditor; or

☑ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection<br>payment amount |
|---|---|---|
| Chase Auto | 2014 Ford F150<br>Location: 1270 Keans Ct., Roswell GA 30075 | 672.00 (retroactive to date of filing) |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If the Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☐ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Claim amount | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| Chase Auto | 2014 Ford F150<br>Location: 1270 Keans Ct., Roswell GA 30075 | Opened 08/14<br>Last Active<br>3/27/17 | 24,516.00 | 4.25% | 150.00 increasing to 651.00 on Feb 2018 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

☑ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Replacement value | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which

3

12.01.15

Best Case Bankruptcy

may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a)<br>Creditor | (b)<br>Property description | (c)<br>Estimated pre-petition arrearage | (d)<br>Projected monthly arrearage payment |
|---|---|---|---|
| Khadejah Ahmed & Angela Lance | Judgment lien on all real and personal property | 146,842.50 | 2600.00 increasing to 3255.00 July 2021 |
| Bank Of America | 1270 Keans CT. Roswell, GA 30075 Fulton County | 46.50 | 46.50 in April 2022 |
| Ditech Financial LLC | 1817 Bluecreek Rd. Hogansville, GA 30230  Troup County | 0.00 | 0.00 |
| Freedom Mortgage Corp | 1819 Bluecreek Rd. Hogansville, GA 30230  Troup County | 0.00 | 0.00 |
| Litfield 100 Pool HOA | 1270 Keans CT. Roswell, GA 30075 Fulton County | 0.00 | 0.00 |

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| -NONE- | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $ __139,728.00__ . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $ __0.00__ or __100__ %, whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

4

12.01.15

Best Case Bankruptcy

☐ None; or

| (a)<br>Creditor | (b)<br>Nature of lease or<br>executory contract | (c)<br>Payment to be paid<br>directly by Debtor | (d)<br>Projected arrearage monthly payment<br>through plan (for informational purposes) |
|---|---|---|---|
| Public Storage | storage unit | 264.00 | 0.00 |

**9. Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

**10. Other Provisions:**

    (A). Special classes of unsecured claims.

    (B). Other direct payments to creditors. If applicable, Debtor shall make payments directly to Debtor's student loan creditors as set forth in Schedule F of Debtor's voluntary petition.

    (C). **Other provisions: Proof of Claim No. 8-1 filed on October 5, 2017 (which amends Proof of Claim No. 3 filed by Khadejah Ahmed & Angie Lance c/o Harlan Miller), will be paid in accordance with this Chapter 13 Plan until the Plan proposed in the related Chapter 11 Case (6420 Roswell Road Inc. Case No. 17-56753) is confirmed, at which time, the Debtor shall amend this Chapter 13 Plan to (i) provide that the claim owed to Khadejah Ahmed & Angela Lance will no longer be paid through this Chapter 13 Plan and any remaining balance owed on their claim will be paid in accordance with the confirmed Plan in the related Chapter 11 Case No. 17-56753 and (ii) reduce the monthly Chapter 13 Plan payment accordingly.**

    (D). Any creditor which are to be paid directly under this plan are authorized and encouraged to send monthly billing statements to the debtor(s) at the mailing address on record with the Bankruptcy Court in this case.

    (E). Other allowed secured claims: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded with **4** % interest as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

    (F). Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f): The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:
    -NONE-

    (G). Any fees, expenses, and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded and Debtor will pay these post-petition expenses outside the plan unless the Court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).

Date  **April 19, 2018**

Signature  **/s/ Harry James Freese**
            **Harry James Freese**
            Debtor

Date  **April 19, 2018**

Signature  **/s/ Howie Slomka**
            **Howie Slomka 652875  GA**
            **Attorney**
            **Slipakoff & Slomka, PC**
            **2859 Paces Ferry Road, SE, Suite 1700**
            **Atlanta, GA 30339**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

12.01.15

Best Case Bankruptcy

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

| | | |
|---|---|---|
| HARRY JAMES FREESE | : | CHAPTER 13 |
| | : | |
| Debtor. | : | CASE NO.: 17-56755-PWB |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing Amended

Chapter 13 Plan in the above styled case by depositing same in the United States mail

with the adequate postage affixed thereto to insure delivery addressed as follows:

Mary Ida Townson (served via ECF)
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Harry James Freese
1270 Keans Ct.
Roswell, GA 30075

SEE ATTACHED FOR ADDITIONAL CREDITORS

Date: April 19, 2018

_____/s/_____
Howard Slomka, Esq.
Georgia Bar # 652875
Slipakoff & Slomka, P.C.
Attorney for Debtor
2859 Paces Ferry Road SE
Suite 1700
Atlanta, GA 30339
Tel. (404) 800-4001

Label Matrix for local noticing
113E-1
Case 17-56755-pwb
Northern District of Georgia
Atlanta
Thu Apr 19 12:52:39 EDT 2018

American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Amex
Po Box 297871
Fort Lauderdale, FL 33329-7871

BANK OF AMERICA, N.A.
16001 N. Dallas Pkwy
Addison, TX 75001-3311

Bank of America
4909 Savarese Cir
Tampa, FL 33634-2413

Bayview Loan Servicing LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, FL 33146-1837

Bayview Loan Servicing, LLC
4425 Ponce De Leon Blvd. 5th Floor
Coral Gables, Florida 33146-1837

Cci
Contract Callers Inc. Cci
Augusta, GA 30901

Chase Auto
Po Box 901003
Ft Worth, TX 76101-2003

Elizabeth Childers
Shapiro, Pendergast and Hasty
Suite 300
211 Perimeter Center Parkway, NE
Atlanta, GA 30346-1305

Christy Galenza
c/o Law Offices of Herbert P
Ste. 1890 230 Peachtree St. NW
Atlanta, GA 30303-1514

Ditech Financial LLC
PO BOX 0049
Palatine, IL 60055-0001

Ditech Financial LLC
PO Box 6154
Rapid City, SD 57709-6154

(c)DITECH FINANCIAL LLC
332 MINNESOTA ST STE E610
SAINT PAUL MN  55101-1311

FREEDOM MORTGAGE CORPORATION
4828 Ashford Dunwoody Rd
2nd Floor
Atlanta, GA 30338-4832

Freedom Mortgage Corp
10500 Kincaid Dr
Fishers, IN 46037-9764

Harry James Freese
1270 Keans Ct.
Roswell, GA 30075-6357

Patrick John Geheren
The Geheren Firm
Second Floor, Suite 200
4828 Ashford Dunwoody Road
Dunwoody, GA 30338-4832

(p)GEORGIA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3202

Harlan
6868 Leslie Lane
Macon, GA 31220-5202

Harlan Miller, Esq.
a/k/a Miller Legal, P.C.
3646 Vineville Avenue
Macon GA 31204-1868

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JP Morgan Chase Bank N.A.
National Bankruptcy Department
AZ1-1191
P.O. Box 29505
Phoenix AZ 85038-9505

Khadejah Ahmed & Angela Lance
c/o Harlan Miller Esq.
3646 Vineville Ave.
Macon, GA 31204-1868

Brandi L. Kirkland
Mary Ida Townson, Ch. 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1770

Litfield HOA
1060 Cold Harbor Dr
Roswell, GA 30075

Taylor S Mansell
Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, NE
Suite 300
Atlanta, GA 30346-1305

Michael J. McCormick
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076-2102

Sarah Wyeth McLaughlin
Timothy D. Padgett, LP
dba Padgett Law Group
6267 Old Water Oak Rd., Suite 203
Tallahassee, FL 32312-3858

Office of Attorney General
Child Support Division
P.O. Box 12017
Austin, TX 78711-2017

Profess Acct
633 W Wisconsin Ave
Milwaukee, WI 53203-1918

(p)PROFESSIONAL DEBT MEDIATION
7948 BAYMEADOWS WAY
2ND FLOOR
JACKSONVILLE FL 32256-8539

Public Storage
2490 Herodian Way SE
Smyrna, GA 30080-2906

Susan B. Shaw
Albertelli Law
100 Galleria Parkway Suite 960
Atlanta, GA 30339-5947

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339-6213

The Bank of New York Mellon
c/o Bank of America
P.O. Box 31785
Tampa, FL 33631-3785

Towd Point Master Funding Trust 2017-PM18
C/O Sarah Wyeth McLaughlin
Padgett Law Group
6267 Old Water Oak Rd Ste.203
Tallahassee, FL 32312-3858

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1770

U. S. Attorney
600 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta GA 30303-3315

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303-1216

Ryan J. Williams
Nancy J. Whaley
Standing Chapter 13 Trustee
303 Peachtree Center Avenue
Suite 120
Atlanta, GA 30303-1286

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Georgia Department of Revenue
Bankruptcy Division
Post Office Box 161108
Atlanta, GA 30321

Professional Debt
7948 Baymeadows Way Fl 2
Jacksonville, FL 32256

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Ditech Financial Llc
332 Minnesota St Ste 610
Saint Paul, MN 55101

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)American Express Bank, FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

(u)THE BANK OF NEW YORK MELLON FKA THE BANK O

(u)The Bank of New York Mellon

End of Label Matrix
Mailable recipients    41
Bypassed recipients     3
Total                  44